05-10T

RECEIVED

JAN 25 2005

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

**In re:**

**LOUIS A. GENCARELLI, SR.,**

**Debtor**

**Bk. No. 04-10682**
**(Chapter 11)**

**LOUIS A. GENCARELLI, SR.'S OBEJCTION TO CLAIMANT'S 1800 SMITH STREET ASSOCIATES, L.P. & 1500 MINERAL SPRING ASSOCIATES, L.P.'S MOTION FOR LEAVE TO APPEAL**

NOW COMES debtor Louis A. Gencarelli, Sr. ("Gencarelli"), by and through counsel, and hereby objects to claimants 1800 Smith Street Associates, L.P. and 1500 Mineral Spring Associates, L.P.'s, by and through their General Partner, Jason's Realty Corp., (collectively hereinafter referred to as the "Claimants") motion for leave to appeal the entry of that certain interlocutory order, dated December 29, 2004, overruling the Claimants' objection to Gencarelli's request for authority to release $2.5 million of bankruptcy estate funds or assets to Gencarelli specifically for the payment of certain federal and state tax liabilities.

In support of the within objection, Gencarelli submits the accompanying memorandum of law.

3

Respectfully submitted,

Louis A. Gencarelli, Sr.

By his Attorneys,

Joseph P. Ferrucci (#4231)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: January 19, 2005

**CERTIFICATION**

I hereby certify that on this 19th day of January, 2005, I served a true copy of the within Objection by first-class mail, postage prepaid to the parties set forth on the attached list.

*k:\g\gencarelli\gencarelli bankruptcy\pleadings\2005 appeals\obj - mot leave 1.19.05.doc*

**SERVICE LIST**

Allan M. Shine, Esq.
Winograd Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

Diane Finkle, Esq.
Winograd Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

Robert D. Wieck, Esq.
MacAdams & Wieck
101 Dyer Street
Providence, RI 02903

Deanne Russo, Esq.
MacAdams & Wieck
101 Dyer Street
Providence, RI 02903

Leonard J. DePasquale, Esq.
U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903

D. Ethan Jeffery, Esq.
Hanify & King
One Beacon Street
Boston, MA 02108-3107

James R. Simmons, Esq.
Nadeau & Simmons
56 Pine Street
Providence, RI 02903

Alfred Lane, Esq.
Tim Horton's
874 Sinclair Road
Oakville, Ontario
CANADA L6K 1Y1

Filed 1/19/05 3:55 P.M. JCS

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**In re:**

**LOUIS A. GENCARELLI, SR.,**

**Debtor**

**Bk. No. 04-10682**
**(Chapter 11)**

**Memorandum in Support of Louis A. Gencarelli, Sr.'s Objection to Claimants 1800 Smith Street Associates, L.P. and 1500 Mineral Spring Associates, L.P.'s Motion for Leave to Appeal**

Debtor Louis A. Gencarelli, Sr. ("Gencarelli") hereby submits the within memorandum in support of his objection to claimants 1800 Smith Street Associates, L.P./ and 1500 Mineral Spring Associates, L.P.'s, by and through their General Partner, Jason's Realty Corp., (collectively hereinafter referred to as the "Claimants") motion for leave to appeal that certain interlocutory order, dated December 29, 2004, (the "Interlocutory Order") entered by the Bankruptcy Court granting Gencarelli's motion to release a portion of excess sales proceeds to him for payment of certain federal and state tax liabilities, and overruling the Claimants' Objection thereto. *See Interlocutory order attached hereto as Exhibit A.*

**Introductory Statement**

As set forth in the papers previously submitted by the Claimants in support of their earlier filed motions to appeal certain interlocutory orders of the Bankruptcy Court in this proceeding, the Claimants in the instant matter correctly recognize that interlocutory certification "should be used **sparingly** and **only** in **exceptional circumstances**, in where the proposed intermediate appeal presents one or more difficult and pivotal questions of law **not settled by controlling authority**." (Emphasis supplied). *See Claimants' memorandum in support of motion for leave to appeal, at page 3.*

Not surprisingly, however, the Claimants, once again, wholly fail to articulate to the Court, or otherwise refer the Court to any entry in the underlying record that would establish or demonstrate that the extraordinary relief sought herein is warranted in the instant proceeding. As such, notwithstanding the Claimants' unsubstantiated and bald assertions to the contrary, "exceptional circumstances" do not exist in the instant matter. Accordingly, the Claimants motion for leave to file appeal must be denied.

**Pertinent Facts**

On December 10, 2004, Gencarelli filed his motion for authority to release a portion of the excess sales proceeds that were being held by the instant bankruptcy estate to him for the limited purpose of paying certain federal and state tax liabilities that were due and owing. In support of his request, Gencarelli submitted a memorandum that specifically set forth the following facts, which were reflected in or evidenced by by the Bankruptcy Court record and/or docket:

1. On March 18, 2004, the Bankruptcy Court approved the sale of certain Bess Easton Donut Flour Company, Inc. ("Bess Eaton") and/or Gencarelli assets, and, further, authorized payment of certain secured claims at the closing(s) thereon.
2. On April 23, 2004, a subsequent order was entered by the Bankruptcy Court granting Bess Eaton and/or Gencarelli's amended application to distribute sale proceeds, pursuant to which a substantial number of remaining creditors were paid.
3. On November 3, 2004, the Bankruptcy Court approved the Gencarelli's motion for authority to release a portion of excess sales proceeds to him.

4. Since that time virtually all of the remaining claims in the instant proceeding were settled or resolved leaving only the following filed claims for adjudication (the "Disputed Claims"):

| Name of Creditor | Amount to Be Escrowed Pending Resolution of Claim |
|---|---|
| 1800 Smith Street Associates LP | $45,461.04* |
| 1500 Mineral Spring Associates LP | $54,071.26* |
| UPS Capital Business Credit | $225,322.00 |
| Rosemarie L. Moreau | $75,000.00 |
| Total: | $388,854.30 |

5. On or about December 10, 2004, there remained approximately $7,027,342.37 of cash on hand in the bankruptcy estate, of which Bess Eaton and/or Gencarelli set aside $388,854.30 to reserve for the Disputed Claims. Net of such reserve, there was excess cash on hand of approximately $6,638,488.07. This excess cash belonged to Gencarelli.

6. As such, Gencarelli requested the release to him of the sum of $2.5 million. The balance of cash on hand (approximately $4,138,488.07) would remain in escrow subject to further order of the Bankruptcy Court.

7. The Unsecured Creditors' Committee and Bess Eaton had no objection to the disbursement requested by Gencarelli *vis-à-*vis his motion.

Only the claimants advanced an objection to Gencarelli's motion for authority to release a portion of excess sales proceeds. *See Exhibit C appended to Claimants' memorandum in support of motion for leave to appeal.*

* Amounts are the "cap" amounts pursuant to the Bankruptcy Court's decision of September 22, 2004, pursuant to 11 U.S.C. § 502.

After considering the papers and pleadings in this matter, the Bankruptcy Court entered the Interlocutory Order overruling the Claimants' objection to Gencarelli's request for authority to release funds, and, further, granting the same for the purpose set forth therein. In particular, the Interlocutory Order acknowledged that with over $7.5 million on hand, and after a distribution of the requested $2.5 million, as well as taking into account a reserve fund for the Disputed Claims, including that specifically of the Claimants, there would still be more than $4.6 million on hand in the bankruptcy estates. *See Exhibit A appended hereto.*

As such, based upon the arguments of the parties, and the entire record in the instant bankruptcy proceedings, the Bankruptcy Court granted Gencarelli's motion on the condition that Gencarelli pay, forthwith, $2.4 million to the appropriate federal and state taxing authorities, as more particularly set forth in the affidavit of accountant Charles S. Germany that was submitted by Gencarelli in support of his motion. *See Exhibit A appended hereto.*

Subsequently, the Claimants' moved the Bankruptcy Court for leave to appeal the interlocutory order.

**Argument**

It is well-settled law that in determining whether to grant leave to file an appeal that the Court, pursuant to 28 U.S.C. §158(a)(3), has discretionary jurisdiction over Interlocutory orders and decrees of the Bankruptcy Court. In exercising such discretionary jurisdiction, courts generally apply the factors considered under 28 U.S.C. §1292(b), which governs interlocutory appeals from the United States District Courts to the United States Court of Appeals. *In re Watson,* 309 B.R. 652, 659-660 (1st Cir. BAP R.I. 2004); *In re Bank of New England Corp.*, 218 B.R. 643, 652 (1st Cir. BAP Mass. 1998); *In re Williams,* 215 B.R. 289, 298, at n.6 (D.R.I. 1997); *Northeast Savings, F.A. v. Geremia,* 191 BR 275, 277 (D.R.I. 1996).

Under §1292(b) such discretion "should be used **sparingly** and **only** in **exceptional circumstances**, and where the proposed intermediate appeal presents one or more difficult and pivotal questions or more **not settled by controlling authority**."[1] (Emphasis supplied.) *Northeast Savings, F.A.*, 199 B.R., at 278 (citations omitted); *see also, In re Williams*, 215 B.R., at 298 (permissive appeal under §158(a)(3) should be made available only in exceptional circumstances such as where "serious perhaps irreparable consequences are threatened which can be effectually challenged only by immediate appeal") (citations omitted).

Given the extraordinary showing required by §1292(b) it is without question that the relief sought by the Claimants herein is neither proper nor warranted under the attendant facts and circumstances.

Notwithstanding the Claimants' bald assertions to the contrary, "exceptional circumstances" do not exist in the instant matter simply because the Claimants now or otherwise feel slighted or aggrieved by the Bankruptcy Court's grant of Gencarelli's motion for authority to release a portion of excess sales proceeds, denial of the Claimants' motion to dismiss and/or grant of Gencarelli's motion to limit allowance of claims filed by Claimants under §502(b)(6) . Those outcomes in and of themselves do not convert this matter into an "exceptional" proceeding. The instant motion for leave to appeal is little more than yet another thinly veiled attempt to further obstruct the orderly and efficient administration of the Gencarelli bankruptcy estate, as well as endeavor to leverage a settlement or compromise the claims filed by the Claimants in excess of the Bankruptcy Court's September 22nd "cap."

---

[1] It is generally accepted that interlocutory bankruptcy appeals should be the exception rather than the rule insofar as the courts do not want to encourage piecemeal appeals and/or litigation. *In re Wieboldt Stores, Inc.*, 68 B.R. 578, 579 (N.D. Ill. 1986). *See In re Huff*, 61 B.R. 678, 682 (N.D. Ill. 1986).

Save for speculation, the Claimants have wholly failed to articulate, or otherwise direct the Court's attention to even one entry in the Bankruptcy Court's docket, or any other portion of the record, in the Gencarelli insolvency proceeding that constitutes or qualifies as an "exceptional circumstance." Conversely, the Claimants benignly opt to rely upon unsubstantiated statements that the outcome of the proceedings, from their perspective, is somehow inequitable, and, as such, they should now be entitled to some form of extraordinary relief as a result of the same.

Essentially, Claimants have attempted to create an "equitable" argument by claiming that as a result of the Interlocutory Prder "irreparable" consequences will purportedly inure to the detriment of the Claimants. However, the Claimants offer no support for their argument. In the instant matter equity does not impact the reasonable and sound determinations of the Bankruptcy Court within the context of applicable Bankruptcy Code provisions, particularly in light of the underlying record.

Generally, the equitable powers granted to bankruptcy courts must be exercised only within the confines of the Bankruptcy Code. *See, e.g. Norwest Bank Worthington v. Ahlers*, 485 U.S. 197 (1988); *Raleigh v. Il. Dept. of Revenue*, 530 U.S. 15 (2000).[2] For example, the court *In re Southern Cinemas*, 256 B.R. 520 (Bankr. M.D. Fla. 2000), anticipated an argument from a landlord that certain provisions of the Bankruptcy Code do not apply because certain creditors are being paid in full. The court found this to be of no consequence because it is well-established that the courts have repeatedly held that a consideration of the equities is inappropriate where the legislature has already spoken. *See In re Episode USA, Inc.*, 202 B.R.

[2] In *Raleigh*, the court was faced with the issue of determining the validity of creditor's entitlements. The court held that bankruptcy courts cannot in the name of equity make wholesale substitution of underlying law controlling the validity of creditors' entitlements; rather, the courts are limited by what the Bankruptcy Code provides. *Raleigh*, at 23-25.

691, 693-96 (Bankr. S.D. N.Y. 1996); *In re Farley, Inc.*, 146 B.R. 739, 748 (Bankr. N.D. Ill. 1992); *In re Interco, Inc.*, 137 B.R. 1003, 1006-07 (Bankr. E.D. Mo. 1992); *In re Federated Dept Stores, Inc.*, 131 B.R. 808, 817 (S.D. Ohio 1991).

In the instant proceeding the Bankruptcy Court determined Gencarelli's motion for authority to release excess sales proceeds in light of the applicable provisions of the Bankruptcy Code, and attendant facts and circumstances. The Claimants have failed to assert or argue to the contrary. Instead, the Claimants' position relies wholly upon nebulous and unsubstantiated statements alleging "irreparable" consequences and/or inequitable outcomes. This reliance is both misplaced and unsupported by the Bankruptcy Code, and well-settled law.

There is no exigency present in the instant proceeding that compels the relief the Claimants now seek. Accordingly, the Claimants' motion for leave to appeal the Interlocutory Order should be denied.

Further, in support of the within objection, Gencarelli also specifically relies upon his previously submitted memorandum in support of his objection to the Claimants' motion for leave to file appeal in connection with that certain interlocutory order, dated November 10, 2004, which Gencarelli hereby incorporates herein by reference.

**<u>Conclusion</u>**

WHEREFORE, for all of the reasons set forth above, Gencarelli respectfully requests that this Court enter an order denying the Claimants' motion for leave to appeal the Interlocutory order.

Respectfully submitted,

LOUIS A. GENCARELLI, SR.

By his Attorneys,

Joseph P. Ferrucci (#4231)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: January 19, 2005

**CERTIFICATION**

I hereby certify that on the 19th day of January, 2005, I served a true copy of the within Memorandum by first-class mail, postage prepaid upon the parties set forth on the attached service list:

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - x
In re: :

LOUIS A. GENCARELLI, SR. : BK No. 04-10682
Debtor Chapter 11
:
- - - - - - - - - - - - - - - - - x

**ORDER OVERRULING OBJECTION TO REQUEST FOR AUTHORITY TO RELEASE FUNDS**

Heard on the Debtor, Louis A. Gencarelli's motion to release $2.5 million of the excess sales proceeds in this case, to pay substantial tax liabilities that are accruing interest and penalties. Secured creditors 1800 Smith Street Associates and 1500 Mineral Spring Associates, LP object to the request. The Debtor points out that with over $7.5 million on hand, after distribution of the requested $2.5 million, and taking into account a reserve fund for disputed creditor claims (including the Objectors), there will still be more than $4.6 million on hand. Based upon the arguments and the entire record in this case, the motion is GRANTED ON CONDITION that the Debtor forthwith pay $2.4 million to state and federal taxing creditors as represented in the affidavit of Charles L. Germany. The Debtor is ORDERED to file proof of such payment within 30 days.

Dated at Providence, Rhode Island, this 29th day of December, 2004.

Arthur N. Votolato
U.S. Bankruptcy Judge

RECEIVED
JAN 03 2004

Entered on Docket: 12/29/04