**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

1500 MINERAL SPRING
ASSOC., et al.

v. C.A. No. 04-496T
C.A. No. 05-010T

LOUIS A. GENCARELLI, SR.

ORDER GRANTING APPELLANTS' MOTIONS FOR LEAVE TO APPEAL

1500 Mineral Spring Associates, LP and 1800 Smith Street Associates, LP ("Movants") are creditors of Louis A. Gencarelli Sr. ("Gencarelli") and have moved for leave to appeal the Bankruptcy Court's November 10, 2004 order denying their motion to dismiss Gencarelli's bankruptcy petition on the grounds that it was filed in bad faith and its December 29, 2004 order overruling Movants' objections to Gencarelli's motion to release $2.5 million of estate funds so that he could pay certain tax liabilities.

The principal factors to be considered in determining whether to permit an appeal from an interlocutory order are whether (1) the order involves a controlling question of law, (2) whether there is substantial ground for difference of opinion with respect to that question, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. Watson v. Boyajian, 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004)

7

(citation omitted).[1]

A question of law is controlling where no alternative theory exists on which the party could succeed. Id. Substantial grounds for difference of opinion exist where the questions are not settled by controlling authority. Id. at 660. An interlocutory appeal materially advances the ultimate termination of the litigation where resolution of the issue on appeal greatly assists in resolving the underlying matter, and does not unnecessarily delay resolution of the underlying matter. Id.

The District Court must analyze these facts with an eye toward avoiding piecemeal litigation, promoting judicial efficiency, and eliminating delays caused by protracted interlocutory appeals. Williams v. United States, 215 B.R. 289, 298 (D.R.I. 1997).

In this case, it seems clear that, for all intents and purposes, the orders in question are final. There is very little left to be done in Gencarelli's bankruptcy proceeding. Almost all claims have been resolved and nearly all creditors have been paid

[1]The Court may also hear appeals from interlocutory orders in bankruptcy proceedings under the collateral order and Forgay-Conrad doctrines. Watson, 309 B.R. at 659. To qualify as a reviewable collateral order, the order must have (1) conclusively determined, (2) an important legal question, (3) completely separate from the merits of the primary action, and (4) be effectively unreviewable from a final judgment on the remaining counts. Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 649 (B.A.P. 1st Cir. 1998). The Forgay-Conrad doctrine has been employed to bestow appellate jurisdiction where irreparable injury to the aggrieved party may attend delaying appellate review until the litigation is over. Id. at 649, n. 8.

in full.[2] In addition, as a practical matter the proposed appeals are intertwined with the Bankruptcy Court's order applying a statutory cap to Movants' claims, an order that is the subject of another appeal by Movants that, already, is pending before this Court. See 1800 Smith Street Assoc., et al. v. Gencarelli, C.A. No. 05-09T.

Nor will hearing these appeals at this juncture delay resolution of the underlying matter because, as already stated, there is little to do in order to wind up Gencarelli's bankruptcy proceeding. In fact, resolving these disputes now will materially advance the ultimate termination of the litigation.

Moreover, allowing the appeals would help to avoid piecemeal litigation and to promote judicial efficiency. It is far more efficient to resolve these appeals together, at one time.

Finally, the issue presented by the motion to dismiss is not settled by controlling authority. What constitutes a "bad faith" filing depends upon "the totality of the circumstances," including such factors as the debtor's financial condition, motives, and the local financial realities. Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.), 235 F.3d 375, 379 (8th Cir. 2000)

---

[2]Gencarelli's counsel represented that there were professional fee applications and about $300,000 of remaining minor claims to be resolved by the bankruptcy court, whereas the estate held approximately $5 million in cash. In addition to the minor outstanding claims before the bankruptcy court, an appeal by another creditor is currently before this Court. See UPS Capital Bus. Credit v. Gencarelli, C.A. No. 05-39T.

("There is no single test for determining when a debtor has filed in bad faith. Rather, courts consider the totality of the circumstances, including the court's evaluation of the debtor's financial condition, motives, and the local financial realities."); see also In re Liberate Technologies, 314 B.R. 206, 211 (N.D. Cal. 2004) ("Whether a petition is filed in good faith is to be determined upon consideration of all the facts and circumstances of the case.").

For the foregoing reasons, Appellants' motions for leave to appeal are granted.

These matters will be consolidated for hearing with C.A. No. 05-09T.

IT IS SO ORDERED,

Ernest C Torres

Ernest C. Torres, Chief Judge
Date: April 7 , 2005