MANDATE

# United States Court of Appeals
## For the First Circuit

05-00010
Rhode Island
E. Torres

---

Nos. 07-1081
07-1082
07-1083

1500 MINERAL SPRING ASSOCIATES, LP, ET AL.,

Appellees,

v.

LOUIS A. GENCARELLI, SR.,

Appellant.

---

Before

Lipez, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

---

JUDGMENT

Entered: March 29, 2007

Debtor-appellant Louis A. Gencarelli, Sr. appeals from an order of the United States District Court for the District of Rhode Island remanding his Chapter 11 case to the United States Bankruptcy Court for the District of Rhode Island. The creditor-appellees have moved to dismiss this appeal for lack of jurisdiction, arguing that the district court's remand order was not a "final order" within the meaning of 28 U.S.C. § 158(d). The

burden of establishing appealability is on the appellant. See Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 (1st Cir. 2001).

The district court determined that remand was necessary so that the bankruptcy judge could make further "findings as to whether Gencarelli was in sufficient financial distress to warrant his bankruptcy filing," such that his filing could be deemed to have been made "in good faith."[1]

In order to "expedite resolution of the case," the district court went further by reviewing and correcting the bankruptcy court's determination of the proper "trigger date" for application of a statutory cap on rents under long-term leases. See 11 U.S.C. § 502(b)(6). The district court's determination on this latter question was adverse to Gencarelli.

Gencarelli seeks review of the district court's decision on the application of a statutory cap on rents under § 502(b)(6), but that decision is entirely subsidiary to the determination of Gencarelli's good faith in filing under Chapter 11. If Gencarelli's Chapter 11 filing fails the test of good faith, "any pronouncement we might now make [regarding § 502(b)(6)] would be rendered academic." In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985)(dismissing appeal without prejudice because district court's remand order for findings on allegedly fraudulent creation of tenancy was not a final order). Further, it is not clear that the disposition of the rent issue under § 502(b)(6) now being appealed meets the test of finality. Creditors-appellees have given a fair indication that the criterion for measuring the award of future rents needs to be resolved by the bankruptcy court in the first instance.

Gencarelli advances a meager argument that appellees made some sort of waiver in a hearing before the bankruptcy court by urging dismissal of his Chapter 11 filing without offering evidence, such that we should decide the good-faith issue at present based on the current record. This is an invitation we readily decline. Gencarelli's 'waiver' contentions, like the rest of the arguments bearing on the good-faith question, are first for the bankruptcy court on remand.

---

[1]Although not a disputed point here, there is a debate over whether a "good faith" requirement is even applicable to filing under Chapter 11 for liquidation. See generally Ali M.M. Mojdehi & Janet Dean Gertz, The Implicit "Good Faith" Requirement in Chapter 11 Liquidations: a Rule in Search of a Rationale?, 14 Am. Bankr. Inst. L. Rev. 143 (2006)(arguing that requirement of good faith in filing is not supportable under the statutory law).

The creditors-appellees' motion to dismiss for lack of jurisdiction is granted. Debtor-appellant's appeals are dismissed without prejudice.

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Jennifer Collardo
Deputy Clerk

Date: 4/19/07

[cc: Christopher M. Mulhearn, Esq, Joseph P. Ferrucci, Esq., Denean M. Russo, Esq., Robert D. Wieck, Esq.]